UNITED STATES DISTRICT COURT

EASTERN DISTRICT COURT

| EUGENE BROWN | * | CIVIL ACTION |
|---|---|---|
| VERSUS | * | NO. |
| MSC SORAYA<br>MSC MEDITERRANEAN SHIPPING COMPANY, S.A. | * | SECTION |
|  | * | MAGISTRATE |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

NOW COMES, Eugene Brown, a person of the full age of majority residing in the Parish of Orleans, State of Louisiana, with respect represents:

1.

The following parties are made defendants herein:

1. MSC SARAYA ("the Vessel"): a foreign owned vessel owned by Co-Defendant MEDITERRANEAN SHIPPING COMPANY S.A.  The Vessel sails under the flag of Panama;

2. MSC MEDITERRANEAN SHIPPING COMPANY S.A. a Swiss shipping entity organized and domiciled in the Country of Switzerland, a signatory state to the Hague Convention;

2.

This Honorable Court has Jurisdiction pursuant to 33 U.S.C. § 905 (b) of the Longshore and Harborworkers' Compensation Act as well as 28 U.S.C. § 1332 (a)(2), diversity of citizenship.  The amount in controversy exceeds $75,000.00 exclusive of interest and costs.

3.

At all times material hereto, defendant, MSC Mediterranean Shipping Company ("MSC"), owned, operated, controlled, equipped and/or chartered and was the owner *pro hac vice* of the MSC Soraya ("the Vessel").

4.

On May 23, 2009, Eugene Brown was working as a longshoreman for Ceres Gulf, Inc. aboard the Vessel. He was within the course and scope of his employment for Ceres Gulf Inc as a member of the union Local ILA 3000.

5.

On May 23, 2009, the Vessel was docked at the Nashville Wharf on the Mississippi River in the Parish of Orleans, State of Louisiana.

6.

On May 23, 2009, Eugene Brown was walking on the forward part of bay 46 lashing bridge, lower level when he slipped in oil. Immediately prior to slipping, Eugene Brown was stepping over a divider and the oil causing him to slip was hidden from his sight. Eugene Brown slipped, fell backwards and caused sever and disabling injuries to his lower back

7.

The sole cause of the above described accident and injuries was the negligence of the defendants MSC and the Vessel. For failing to properly maintain equipment within its exclusive control, failure to keep the lower lashing bridge free from oil and/or other slippery fluids, failure to provide a safe place to work., failure to warn plaintiff of the fluids and/or the faulty equipment, and other acts of negligence. The dangerous condition and defect was hidden from the Plaintiff by the divider.

8.

As a result of the Defendants' Negligence Plaintiff has received and will continue to receive medical attention, has incurred and will continue to incur medical expenses, has lost and will continue to lose lost wages, all as a direct result of the injury and accident described herein.

9.

WHEREFORE, Plaintiff Eugene Brown claims the sum of TWO MILLION AND NO CENTS /00 ($3,000,000.00), TOGETHER WITH LEGAL INTEREST FROM THE DATE OF DEMAND, costs of these proceedings and for all general and equitable relief.

Respectfully submitted,

/s/   W. Jared Vincent
W. JARED VINCENT, LA BAR # 27695
WILLIAM S. VINCENT JR, LA BAR #13094
V. JACOB GARBIN, LA BAR #27808
LAW OFFICES OF WILLIAM S. VINCENT JR.
2018 Prytania St.
New Orleans, LA 70130
TELEPHONE: (504) 522-3220
FACSIMILE: (504) 568-1408
E-MAIL: jared@wsvjr.com

Please Serve

MSC MEDITERRANEAN SHIPPING COMPANY, S.A.
12-14, Chemin Rieu - CH-1208, Geneva - Switzerland

AND

MSC MEDITERRANEAN SHIPPING COMPANY, S.A.
3445 N Causeway Blvd # 400
Metairie, LA 70002